UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN SMITH,<br><br>       Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>BARBARA MOCK, PAUL HARVEY,<br>THOMAS MAYER, SCOTT FISHER,<br>PETE BENNETT, HARRELL WATTS,<br><br>       Defendants. | Civil No. 13-sc-3340 (JRT/LIB)<br><br><br>**REPORT AND RECOMMENDATION** |

Plaintiff has filed a complaint alleging that Defendants have violated his rights under the federal Constitution. (Docket No. 1.) He did not pay any filing fee for this case, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915. The matter has been assigned to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.     **BACKGROUND**

Plaintiff, a federal prison inmate, is attempting in this present case to sue the United States of America and several employees of the federal Bureau of Prisons. Plaintiff's pro se complaint is difficult to follow; however, it seems quite clear that Plaintiff is trying to claim that he did not receive proper medical care while he was incarcerated at the Federal Correctional Institution in Sandstone, Minnesota. (Plaintiff is currently confined at another

federal facility outside of Minnesota.)

Plaintiff filed another lawsuit in this District just a few days before the present case was filed.  (See Smith v. United States, Civil No. 13-3277 (JRT/LIB), [hereafter Smith I"].)  The Defendants named in that other case are the same as the Defendants named in this case, and to the Court it appears that the claims presented in both cases are based on the same factual allegations.  Although the outward appearances of the pleadings in the two cases may be different, on close inspection, it is readily apparent that the present lawsuit essentially duplicates Smith I.

Plaintiff has made no effort to explain why he should be allowed to simultaneously prosecute two separate lawsuits against the same Defendants and based on essentially the same facts and legal theories.  The Court finds that the present lawsuit will serve no purpose except to unnecessarily harass the Defendants.  Therefore, Plaintiff's current IFP application will be denied, and the Court will recommend that this action be dismissed.

**II.    DISCUSSION**

The United States Supreme Court has explained that:

> "The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts.... [Citation omitted.]  Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating, inter alia, that he is unable to pay the costs of the lawsuit.  Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.  To prevent such abusive or captious litigation, § 1915(d) [now § 1915(e)] authorizes federal courts to dismiss a claim filed in forma pauperis 'if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.'  Dismissals on these grounds are often made sua sponte prior to the issuance of process, so as

to spare prospective defendants the inconvenience and expense of answering such complaints."

Neitzke v. Williams, 490 U.S. 319, 324 (1989) (emphasis added).  See also In re Tyler, 839 F.2d 1290, 1292 (8th Cir. 1988) ("there is 'no constitutional right of access to the courts to prosecute an action that is frivolous or malicious'"), (quoting Phillips v. Carey, 638 F.2d 207, 208 (10th Cir.), cert. denied, 450 U.S. 985 (1981)).

Thus, an IFP application will be denied, and the action will be dismissed, if the plaintiff has filed a complaint that is found to be "frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i).  A complaint is frivolous "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  See also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  A complaint is malicious, and therefore subject to summary dismissal pursuant to § 1915(e)(2)(B)(i), "if it is filed in bad faith to harass the named defendants, or if it presents abusive or repetitive claims."  Neng Por Yang v. City of Shakopee, Civil No. 09-3216 (PAM/JJK), (D.Minn. 2009), (Magnuson, J., adopting Report and Recommendation of Keyes, M.J.), 2009 WL 5217017 at *4, citing Carter v. Schafer, 273 Fed.Appx. 581, 582 (8th Cir.2008) (unpublished opinion).

Here, the Court finds that Plaintiff's IFP application must be denied, and this action must be dismissed, pursuant to § 1915(e)(2)(B)(i), because Plaintiff's current lawsuit is frivolous.  This action is frivolous because it merely duplicates the claims and parties as in Smith I, and it appears that Plaintiff's primary purpose in bringing this action is to harass the named Defendants.  Those Defendants are already being sued in Smith I and, as noted above, Plaintiff has made no effort to explain why they should now be forced to defend themselves for a second time, against the same claims, in the present action.  See

Tyler, 839 F.2d at 1292-93 ("excessive litigation" imposes "unnecessary burdens on, and the useless consumption of, court resources," and federal courts have the authority to "place reasonable restrictions on any litigant who... abuses judicial process").

**III.    CONCLUSION**

For the reasons set forth above, the Court finds that Plaintiff's present complaint is a frivolous pleading for purposes of 28 U.S.C. § 1915(e)(2)(B)(i). The Court will therefore recommend that Plaintiff's pending IFP application be denied, and that this action be dismissed, pursuant to that statute. Having determined that this action should be summarily dismissed, the Court will further recommend that Plaintiff's other pending collateral motions – i.e., his motion for preliminary injunction, (Docket No. 4), his motion to use an alias and file under seal, (Docket No. 8,) and his motion for appointment of counsel, (Docket No. 9) – be summarily denied.[1]

Finally, the dismissal of Plaintiff's present lawsuit should not preclude him from filing (if desired and appropriate) an amended complaint, or any other submission, in Smith I. A Plaintiff may file an amended complaint "once as a matter of course" pursuant to Fed. R. Civ. P. 15(a).[2]

---

[1] The Court recognizes that Plaintiff has used an alias throughout his submissions in this action, and that the Clerk has filed this case under seal. By recommending denial of Plaintiff's pending motion to use an alias and file under seal, the Court does not mean to suggest that Plaintiff's true identity should be revealed, or that this case should not remain under seal. The Court recommends that this case should remain under seal, and simply be closed.

[2] If Plaintiff does attempt to file an amended complaint in Smith I, he will have to comply with the requirements of Local Rule 15.1. This means, most importantly, that Plaintiff will have to file an entirely new pleading, which will fully replace and supercede his

IV.    **RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. Plaintiff's motion for preliminary injunction, (Docket No. 4), be **DENIED**;

3. Plaintiff's motion to use alias and file under seal, (Docket No. 8), be **DENIED**;

4. Plaintiff's motion for appointment of counsel, (Docket No. 9), be **DENIED**; and

5. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Dated: December 20, 2013

    s/Leo I. Brisbois
LEO I. BRISBOIS
United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by January 3, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof.  Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the

---

current complaint in Smith I.  If Plaintiff files an amended complaint in Smith I, his original complaint will be  completely nullified, and only the amended complaint will be considered. Furthermore, if Plaintiff does elect to file an amended complaint in Smith I, he should make a more concerted effort to present his claims in a more organized and comprehensible manner.

Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.