UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN SMITH, | Civil No. 13-3340 (JRT/LIB) |
| Plaintiff, | |
| v. | **ORDER ON REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| UNITED STATES OF AMERICA, BARBARA MOCK, PAUL HARVEY, THOMAS MAYER, SCOTT FISHER, PETE BENNETT, and HARRELL WATTS, | |
| Defendants. | |

John Smith, No. 14029-059, Federal Correctional Institution – Otisville, Post Office Box 444, Otisville, NY 10963, *pro se*.

Before the Court are Plaintiff John Smith's objections to a Report and Recommendation ("R&R") issued by United States Magistrate Judge Leo I. Brisbois recommending that Smith's application to proceed in forma pauperis ("IFP") be denied and his complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as "frivolous or malicious." Because the complaint filed in the instant case is duplicative of an action brought by Smith several days earlier against the same Defendants that remains pending in this District, the Court will overrule Smith's objections and adopt as modified in the ordering section the R&R.

On December 5, 2013, the Court received a forty-five page document from Smith that was styled as a complaint against the United States of America and several

employees of the Federal Bureau of Prisons, alleging violations of Smith's right to receive medical treatment under the Fifth and Eighth Amendments while he was incarcerated at the Federal Correctional Institution in Sandstone, Minnesota. (Compl., Dec. 5, 2013, Docket No. 1.) The document contains a section devoted to the Court's jurisdiction, the parties, a description of the facts in numbered paragraphs, and various claims for relief. (*See generally id.*) Additionally, the document was accompanied by a form entitled "Verified Submission of Complaint." (*Id.* at 45.)[1] On this form, Smith declared under penalty of perjury that on November 25, 2014 he delivered "this complaint to prison authorities to be mailed to Pro Se Office of the United States District Court for the District of Minnesota." (*Id.*)

Also on December 5, 2013, Smith filed an application to proceed IFP (Application to Proceed in District Ct. IFP, Dec. 5, 2013, Docket No. 2), a motion for preliminary injunction (Mot. for Prelim. Inj., Dec. 5, 2013, Docket No. 4), a motion to seal the case (Mot. to Use Alias & File Under Seal, Dec. 5, 2013, Docket No. 8), and a motion to appoint counsel (Mot. to Appoint Counsel, Dec. 5, 2013, Docket No. 9).

On December 20, 2013, the Magistrate Judge issued an R&R recommending that the Court deny Smith's application to proceed IFP and summarily dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). (R&R at 6, Dec. 20, 2013, Docket No. 10.) The Magistrate Judge began by noting that on December 2, 2013, several days prior to the filing of the complaint in the present case, Smith had filed another lawsuit in this District against the same Defendants named in the present case, based on the same factual

---

[1] All references to page numbers refer to the CMECF pagination.

allegations.  (*Id.* at 2 (citing *Smith v. United States*, Civil No. 13-3277 ("*Smith I*").) Relying on 28 U.S.C. § 1915(e)(2)(B)(i) which provides that an IFP application will be denied and an action dismissed if the complaint filed by plaintiff is "frivolous or malicious," the Magistrate Judge concluded that Smith's

> IFP application must be denied, and this action must be dismissed pursuant to § 1915(e)(2)(B)(i), because Plaintiff's current lawsuit is frivolous.  This action is frivolous because it merely duplicates the claims and parties as in *Smith I*, and it appears that Plaintiff's primary purpose in bringing this action is to harass the named Defendants.  Those Defendants are already being sued in *Smith I* and . . . Plaintiff has made no effort to explain why they should now be forced to defend themselves for a second time, against the same claims, in the present action.

(*Id.* at 3.)

On January 6, 2014. Smith filed objections to the R&R.  In the objections, Smith states that he "is not attempting in this present case, (0:13-sc-03340-JRT-LIB) to sue the United States of America and several employe[e]s of the federal Bureau of Prisons." (Objections at 2, Jan. 6, 2014, Docket No. 11.)  Smith also states that he mailed only one complaint to the Court on November 25, 2013, which was filed on December 2, 2013, explaining:

> It is with the utmost respect for the law, the Court[']s time and resources, as to the defendants in such case, that the plaintiff again states under penalty of perjury, that "I DID NOT" file any other lawsuit outside of my initial mailing of [a] complaint to the Courts as mentioned earlier.

(*Id.* at 2-3.)

At most, Smith's objections indicate that he may not have intended the document filed on December 5, 2013, to be a complaint and to initiate a new civil case against Defendants.  But Smith does not disagree with the Magistrate Judge's conclusion that

Smith should not "be allowed to simultaneously prosecute two separate lawsuits against the same Defendants and based on essentially the same facts and legal theories." (R&R at 2.) Whether or not Smith anticipated that the December 5 document – containing all of the requisite pieces of a complaint – would be treated as such by the Court does not alter the fact that Smith now has two nearly identical actions pending. Because Smith did not intend the present case to be a lawsuit and because it is repetitive of *Smith I*, the Court will adopt the Magistrate Judge's recommendation that Smith's application for IFP be denied and the case summarily dismissed. *See Mayard v. Tallarico*, Civ. No. 13-661, 2013 WL 2470243, at *2 (D. Minn. June 7, 2013) (denying an IFP application and dismissing an action pursuant to § 1915(e)(2)(B)(i) "because Plaintiff has not shown any arguable basis in law or in fact for commencing a second lawsuit that seeks to present the same claims that were fully litigated (and decided by a jury) in *Mayard I*"); *Neng Por Yang v. City of Shakopee*, Civ. No. 09-3216, 2009 WL 5217017, at *4 (D. Minn. Dec. 30, 2009) ("A complaint is 'malicious' [and subject to dismissal under § 1915(e)(2)(B)(i)] if it is filed in bad faith to harass the named defendants, or if it presents abusive or **repetitive** claims." (emphasis added) (citing *Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008)).[2]

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Plaintiff's objections [Docket No. 11] and **ADOPTS as modified**

---

[2] Because the Court will dismiss the action in its entirety, it will also deny the various motions filed by Smith as moot.

the Report and Recommendation of the Magistrate Judge dated December 20, 2013 [Docket No. 10]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Application for Leave to Proceed In Forma Pauperis [Docket No. 2] is **DENIED**.

2. This action is summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

3. Plaintiff's Motion for Preliminary Injunction [Docket No. 4] is **DENIED as moot**.

4. Plaintiff's Motion to Use Alias and File Under Seal [Docket No. 8] is **GRANTED in part** and **DENIED in part**, as follows:

    a. The motion is **GRANTED** with respect to using the pseudonym "John Smith."

    b. The motion is **DENIED** as to plaintiff's request to sealing the case in its entirety.

5. Plaintiff's Motion to Appoint Counsel [Docket No. 9] is **DENIED as moot**.

**IT IS HEREBY FURTHER ORDERED** that this action shall be and hereby is unsealed, in its entirety.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 3, 2014  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge